**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3248-23

FLORHAM VILLAGE, LLC,

    Plaintiff-Appellant/
    Cross-Respondent,

v.

PURE LIFESTYLE LLC, d/b/a
PURE BARRE, ELIZABETH
BILLMEIER, and KYLE KRAUSE,

    Defendants-Respondents/
    Cross-Appellants.

_____

> Argued March 20, 2025 – Decided May 16, 2025
>
> Before Judges Natali and Walcott-Henderson.
>
> On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-0794-21.
>
> Joshua Beinhaker argued the cause for appellant/cross-respondent (Beinhaker & Beinhaker, LLC, attorneys; Joshua Beinhaker, on the briefs).
>
> John Motta argued the cause for respondents/cross-appellants.

PER CURIAM

Plaintiff Florham Village, LLC, appeals from a May 10, 2024 order in which the court granted defendants Pure Lifestyle, LLC, d/b/a Pure Barre (Pure Lifestyle), Elizabeth Billmeier, and Kyle Krause declaratory relief barring plaintiff "from instituting any further claims against the [d]efendants relat[ed] to the landlord[-]tenant relationship." Defendants cross-appeal from a separate May 10, 2024 order, which denied their application for attorney's fees and costs. We affirm the court's order granting declaratory relief as clarified, and reject defendants' cross-appeal and accordingly affirm the court's order denying their fee application.

We glean the facts necessary to address the issues raised in this appeal from our prior unpublished decision, Florham Village, LLC, v. Pure Lifestyle, LLC, d/b/a Pure Barre, Elizabeth Billmeier, and Kyle Krause, No. A-0924-22 (App. Div. Nov. 16, 2023), and the record before us. Pure Lifestyle is the assignee of a commercial lease, which required it to pay rent in addition to certain taxes, insurance, maintenance, fees, and costs to plaintiff. Plaintiff and another corporate entity signed the original lease in August 2015 for a term of ten years and the lease was subsequently assigned to Pure Lifestyle in February

2019. Billmeier and Krause (guarantors) are personal guarantors of Pure Lifestyle's obligations under the lease.

Between May 2020 and June 2021, Pure Lifestyle failed to pay $86,966 in rent, $2,570.47 in maintenance fees, and $2,504.28 in taxes, which, it claims, was a result of Governor Murphy's Executive Order closing gyms during the COVID-19 pandemic. Plaintiff filed an initial complaint, which was subsequently amended, to remove two defendants. The amended two-count complaint sought a judgment against Pure Lifestyle (count one) and the guarantors (count two) for amounts owed under the lease; compensatory and consequential damages; and costs of the suit.

After defendants filed their answer and counterclaim, they demanded the court dismiss both counts of the amended complaint. Defendants also asserted counterclaims seeking compensatory and punitive damages, and attorney's fees and costs, with respect to plaintiff's alleged violation of the lease's notice requirements and failure to act in good faith. Defendants also asserted a counterclaim alleging plaintiff was a recipient of COVID relief funds under the Coronavirus Aid, Relief, and Economic Security (CARES) Act, and other similar programs, and failed to apply those funds towards the amounts owed, as required by law.

Plaintiff moved for summary judgment, and the court entered an order granting plaintiff's application and awarding $74,519.37, exclusive of attorney's fees and costs.[1]  Plaintiff appealed and argued the "court miscalculated the amount due under the lease when it [ordered] defendants to pay $74,519.37" when, "[a]ccording to plaintiff's calculations[,] defendants owe it $82,628.94 in late fees, $1,096.42 in outstanding insurance payments, plus the undisputed rent arrears, taxes, and maintenance for a total of $154,766.11."  We affirmed the court's order with respect to the $74,519.37 award but remanded for the court to address one discrete issue:  defendants' obligation to pay the $1,096.42 insurance charge under the lease.

Shortly before a conference to address the sole remanded insurance issue, plaintiff's counsel informed the court that the parties "amicably resolved all outstanding issues," and had submitted a stipulation of dismissal and warrant of satisfaction.  He further explained, however, that plaintiff refused to sign the release requested by defendants.

As a result of plaintiff's refusal to execute the release, defendants filed a motion to enforce the settlement.  In his supporting certification, defendants'

_____

[1]  The court issued a subsequent order awarding plaintiff $15,501 for counsel fees and $871 in costs.

A-3248-23

counsel attested defendants agreed to settle the matter in return for payment of the insurance charge, and further attached an email indicating plaintiff's counsel approved the proposed release.

At the hearing on defendants' motion, plaintiff argued it wanted to ensure the release did not bar future claims because "the franchisor was making rent payments on behalf of . . . defendant[,] . . . the franchisor and [plaintiff] were . . . looking for a new tenant[,] . . . [and the] franchisor stopped making the payments. And it's [plaintiff]'s position that . . . [it] might have new damages." According to plaintiff, the previously signed agreement between plaintiff and the franchisor stated plaintiff "obtained legal possession of the [p]remises," "the [l]ease remain[ed] in full force and effect," and afforded the franchisor "temporary occupancy" of the premises to operate the gym in exchange for payment of "an occupancy fee . . . equal to all forms of [r]ent and [a]dditional [r]ent . . . otherwise due" under the lease.

Plaintiff's counsel also requested guidance from the court on what to do with the settlement check, which was in his possession, but had not yet been deposited. As best we can discern from the record, the court denied the motion to enforce the settlement as it set a trial date and denied defendants' request to compel plaintiff to execute the release.

5

Plaintiff subsequently filed a motion for summary judgment and stated in its Rule 4:46-2(a) statement defendants are "indebted to [p]laintiff in the amount of $1,096.42 for reimbursement of insurance charges per the [l]ease."  The motion was further supported by a certification of plaintiff's representative.

Defendants opposed plaintiff's motion and cross-moved for declaratory relief which sought to bar plaintiff from "instituting any future claims" against them and submitted a Rule 4:46-2(b) counterstatement of material facts in support.  In the counterstatement, defendants contested whether the guarantors were indebted to plaintiff for amounts due under the lease, stated defendants already paid the amount due, and noted plaintiff submitted a stipulation of dismissal with prejudice.

Defendants' counsel's certification in support of the cross-motion stated plaintiff's current summary judgment application was identical to plaintiff's earlier application, which resulted in two judgments for unpaid rent and attorney's fees and costs against defendants, that defendants satisfied.  Counsel further stated the court acknowledged at the first summary judgment proceeding additional claims brought against defendants "could result in the assessment of counsel fees for filing frivolous litigation."

A-3248-23

Plaintiff's counsel filed a certification in opposition to "[d]efendants['] . . . frivolous motion seeking the dismissal of hypothetical claims that [p]laintiff may file in the future." Counsel further stated a "[r]elease is not required" and proposed the "parties . . . exchange payment and file a stipulation of dismissal" but that defendants, instead, insisted on a release.

After considering the motion submissions and oral arguments, the court entered three orders on May 10, 2024. First, the court denied plaintiff's motion for summary judgment and noted on the order "[p]laintiff acknowledges . . . receipt of $1,096.42[,] which concludes the matter." Second, the court ordered that "[p]laintiff is barred from instituting any further claims against defendants related to the landlord[-]tenant relationship." And third, the court denied plaintiff's application for counsel fees and costs.

Before us, plaintiff argues "the issues ruled upon by the [t]rial [c]ourt were not ripe for judicial determination[,] and the [t]rial [c]ourt entangled itself in abstract disagreements." Plaintiff claims it may only bring future claims for rent once damages are determined, which plaintiff argues are hypothetical and not ripe for judicial review. Thus, plaintiff contends the court improperly and "prematurely decide[d] the[] matter[] without even knowing the basis for such claims."

7

Next, plaintiff claims the entire controversy doctrine (ECD) does not apply to subsequent and unaccrued claims for rent and plaintiff, therefore, should not be subject to a "blanket ban" from filing a future inchoate claim. Plaintiff contends applying preclusion doctrines such as the ECD and res judicata is premature because such defenses apply only if plaintiff files a future claim.

With respect to defendants' cross-appeal regarding the court's denial of their fee application, defendants first argue they "incurred extensive legal fees defending a clearly unreasonable lease provision" that was the subject of our earlier decision. Next, defendants contend plaintiff made an offer to settle the case because it was in its best interest to do so, but the parties still "endured another year of motions and th[e instant] appeal." Defendants claim plaintiff is a wealthy adversary abusing the judicial system and that the only just outcome is to uphold the court's declaratory judgment and award defendants counsel fees related to the motion to enforce, defendants' cross-motion, and the appeal.

We review a court's award of a declaratory judgment for abuse of discretion. See In re State Comm'n of Investigation, 108 N.J. 35, 46 (1987) ("[A] declaratory judgment, like other forms of equitable relief, 'should be granted only as a matter of judicial discretion'") (alteration in original) (quoting

Proprietary Ass'n v. Bd. of Pharmacy, 16 N.J. 62, 71 (1954)). Further, we similarly review a trial court's award of counsel fees for a clear abuse of discretion and will disturb that determination "only on the rarest [of] occasions." Hansen v. Rite Aid Corp., 253 N.J. 191, 212 (2023) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)).

First, we affirm the order in which the court determined the matter was concluded as plaintiff received a check for the entire disputed amount. As noted in our prior opinion, plaintiff's claims pertained to the nonpayment of rent and other associated costs between May 2020 and June 2021. We affirmed the trial court's award of the unpaid rent and other costs, which neither party later challenged, and which therefore exhausted the parties' opportunity to dispute those matters further. Also, as noted, we remanded with respect to the $1,096.42 insurance charge only, following which defendants sent plaintiff a check for the disputed amount, and plaintiff submitted a warrant of satisfaction and stipulation of dismissal. Thus, all claims and issues alleged in plaintiff's April 14, 2021 amended complaint were resolved.

With respect to the court's order barring future claims between the parties arising out of their landlord-tenant relationship, we affirm, but provide clarification as to the order's practical application. Based on our review of the

9

record, the basis for plaintiff's concern about a bar on future claims is unclear, particularly with respect to whom such hypothetical claims would be asserted against. Plaintiff's position, as stated during the hearing on the motion to enforce the settlement, indicates possible damages associated with the franchisor's failure to pay rent. Its appellate brief, however, indicates potential claims arising out of defendants' "subsequent breach" where the "full scope of damages" cannot be known until the "property was rented," presumably alluding to the possibility that defendants did not pay rent and other fees for some period of time after the breach, which was the subject of our earlier decision.

To the extent plaintiff is concerned about a bar on future claims against parties not presently before the court, we consider the concern premature and speculative. The plain language of the order indicates its application is limited to "defendants" and does not, expressly or implicitly, attempt to bar plaintiff from bringing claims against any third party.

With respect to the issues already adjudicated in our prior opinion and the parties' settlement of the outstanding insurance issue, plaintiff correctly notes certain preclusion doctrines, including the ECD, could bar certain claims related to, or arising out of, the same disputes litigated herein. Since plaintiff, however, has not specifically identified which future claims it intends to assert, we need

10

not pass judgment on the application of such preclusive doctrines until those claims, if any, are brought and the parties have had an opportunity to develop an appropriate record.

The same holds true with respect to plaintiff's argument "[s]ubsequent claims for rent are not barred by the [ECD]." "The [ECD] 'generally requires parties to an action to raise all transactionally related claims in that same action.'" Francavilla v. Absolute Resols. VI, LLC, 478 N.J. Super. 171, 178-79 (2024) (quoting Largoza v. FKM Real Est. Holdings, Inc., 474 N.J. Super. 61, 79 (App. Div. 2022)). The ECD "encompasses not only matters actually litigated but also other aspects of a controversy that might have been litigated and thereby decided in an earlier action." Id. at 179 (quoting Higgins v. Thurber, 413 N.J. Super. 1, 12 (App. Div. 2010)). "[T]he [ECD] is an affirmative defense which is 'waived if not pleaded or otherwise timely raised.'" B.F. v. Div. of Youth & Fam. Servs., 296 N.J. Super. 372, 383 (App. Div. 1997) (quoting Brown v. Brown, 208 N.J. Super. 372, 384 (App. Div. 1986)). The "polestar of the application of the [ECD] is judicial fairness." Wadeer v. N.J. Mfrs. Ins. Co., 220 N.J. 591, 605 (2015) (quoting DiTrolio v. Antiles, 142 N.J. 253, 271 (1995)).

Here, much like our analysis above, we decline to opine on matters not presently before the court. As noted, plaintiff has neither specifically identified claims it intends to bring in the future nor articulated against whom such claims would be asserted. Because we have previously held the ECD does not bar claims that are not yet known or are not ripe for adjudication at the time of the original action, see Higgins, 413 N.J. Super. at 12, and in light of the above-mentioned fairness considerations, applying the doctrine to plaintiff's hypothetical future claims would be improper without additional factual development.

Finally, we affirm the court's order denying defendant's application for fees and costs. It is well settled in "civil litigation, New Jersey courts historically follow the 'American Rule,' which provides that litigants must bear the cost of their own attorneys' fees." Innes v. Marzano-Lesnevich, 224 N.J. 584, 592 (2016) (citing Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 404 (2009)). "However, 'a prevailing party can recover those fees if they are expressly provided for by statute, court rule, or contract.'" Litton Indus., Inc., 200 N.J. at 385 (quoting Packard-Bamberger & Co., Inc. v. Collier, 167 N.J. 427, 440 (2001)).

A-3248-23

The court did not abuse its discretion in denying defendants' application for fees and costs. Defendants do not identify any statute or court rule that would entitle them to the requested fees in their briefs before us and, instead, the parties accuse each other of needlessly extending the matter post-settlement. The lease, however, contains a clause stating defendants "agree[] to pay [plaintiff] . . . reasonable attorney's fees and all costs and expenses incurred to recover possession of the [d]emised [p]remises and to enforce any provision of th[e l]ease and recover damages in connection therewith." As noted, plaintiff received an award of fees and costs associated with the litigation, which led to our prior decision. Here, however, the dispute pertains to the propriety or necessity of a proposed release, not enforcement of a lease provision or an action to recover possession. We discern no error in denying the relief requested.

To the extent we have not addressed any of the parties' other arguments, it is because they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3248-23